# Skelton *v.* The State.

*Indictment for Larceny of Mule.*

1. *Abstract charge.*—In a prosecution for the larceny of a mule, a charge asked, based on the defendant's belief that he had the owner's permission to take the mule, is properly refused, when there is no evidence from which the jury are authorized to infer his belief that he had such permission.

FROM the Circuit Court of Shelby.

Tried before the Hon. LEROY F. Box.

The defendant in this case, M. J. Skelton, was indicted for the larceny of a mule, the property of B. F. Glass; and on the trial, issue being joined on the plea of not guilty, was convicted. "The evidence on the part of the State," as the bill of exceptions recites, "showed that in July, 1884, the defendant was staying at the house of said B. F. Glass in Bibb county, who treated him kindly, and furnished him with mules and horses to ride without charge, during the eight or ten days defendant thus stayed with him; that said Glass also owned another farm in Shelby county, which was superintended for him by one Herrin, in whose charge said Glass left a mule for farming purposes; that defendant went to said Herrin on said farm, some time in July, 1884, and represented to him that Glass had sent him to get said mule to ride to Pelham, a place in said county of Shelby; and that Herrin let him have the mule on this representation. The evidence for the State further showed that Glass had not authorized defendant to make said representations, nor given his consent for defendant to get the mule, and knew nothing of the act until his mule was gone; also, that said Glhss found his mule, about three months afterwards, at the house of one Self in Calhoun county, fifty or sixty miles from where it was taken; that Self's son, Glass and one Gentry followed on, and found defendant in Etowah county, where they arrested him; that Self's son asked him, why he had swapped the mule to his father, and got his father's horse and $30 for it; and that defendant made no reply. The evidence on the part of the State showed also, on cross-examination, that said defendant, while he remained in Bibb county, practiced

medicine, and represented himself as a mineralogist, and as an agent of Dr. Eugene Smith and others, and examined several parcels of mineral lands for said Glass in the capacity of geologist and mineralogist, and was frequently with said Glass and others, who were conducting a political campaign, and was well received by said Glass and the people in the county generally, and rode horses or mules belonging to said Glass, without charge, and with the consent of said Glass, but by his direction and consent given at the time. The defendant then made a statement in his own behalf, in substance as follows : That he was invited by said Glass to make his house his home, while acting in the capacity of mineralogist and geologist ; that Glass furnished him with horses and mules to ride on request, but without solicitation ; that he went to Tuskaloosa county on a horse furnished him by Glass ; that Glass owed him for services rendered as geologist and mineralogist ; that Dr. Smith never employed him, and he was no agent of Dr. Smith ; that he had been an inmate of an insane asylum in Mississippi prior to said offense ; and he admitted, on cross-examination, that he had been tried and convicted of similar offenses, and had been in the penitentiary. Said Glass, in rebuttal, denied that he had ever employed defendant in any capacity, or that he owed him anything. This being, substantially, all the evidence, the defendant asked the court to charge the jury, that if they believed, from the evidence, that the defendant got possession of the mule believing that he had the assent or permission of said Glass, and that there was no felonious intent on his part at the time the mule came into his possession, then it was the duty of the jury to acquit him. The court refused this charge, and the defendant excepted to its refusal."

No counsel appeared in this court for the appellant.

T. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—There is no testimony found in this record, from which the jury could have been authorized to infer that the defendant, when he obtained the mule, believed he had the owner's permission or assent thereto. The charge asked was, consequently, abstract, and was rightly refused on that account, if for no other reason.—1 Brick. Dig. 338, § 40 ; *M. & E. R. R. Co. v. Kolb*, 73 Ala. 396.

Affirmed.